ANNIE D. ELSEMORE *vs.* ISAAC P. LONGFELLOW.

Washington.   Opinion May 5, 1884.

*Officer.   False arrest.   Pauper.   R. S., 1871, c. 24, § 27.   Stat. 1879, c. 157.*

An action for false arrest does not lie against an officer for serving a precept issued by an inferior magistrate, if the magistrate has jurisdiction of the offence alleged, and the precept upon its face discloses that he has jurisdiction of the person of the offender.

The process discloses jurisdiction of the person against whom it runs, if a proper cause is indicated, though it may be ever so irregularly and imperfectly expressed.   Amendable irregularities do not vitiate.   To render the officer liable the precept must be absolutely void.

The statutes allow a magistrate to issue a warrant for the arrest of a fugitive pauper, provided the overseers issue an order to a person to bring the pauper home, and the pauper refuses or resists such person, and such person makes the complaint to the magistrate.

The complaint was made directly by one of the overseers, substantially that the overseers did not upon search find the pauper; that she evaded them, and avoided arrest.   *Held:* That the warrant issued upon such complaint was unauthorized by the statute and utterly void.

ON REPORT.

An action against a deputy sheriff for false arrest and imprisonment.   The writ was dated September 7, 1881.   The plea was the general issue, and brief statement wherein the defendant claimed justification under the following complaint and warrant which was placed in his hands for service:

"State of Maine.

"Washington, ss.   To Mason H. Wilder, a trial justice in and for the county of Washington: Cyrus C. Rollins, one of the overseers of the poor of the town of Wesley in the county aforesaid, on the twentieth day of April, in the year of our Lord one thousand eight hundred and eighty-one, in behalf of the State of Maine, on oath complains: That Anna D. Elsemore, a person who has her settlement in Wesley aforesaid, but is now and has been for several years supported by the town of Wesley in

the town of East Machias in said county; that the overseers of
the poor in said Wesley, desiring the removal of said Anna D.
Elsemore from said East Machias to said Wesley, went in person
to said East Machias to the house of the mother of said Anna D.
Elsemore who refused to deliver up to said Anna D. Elsemore
or to inform said overseers where she was, by which said over-
seers were prevented from obtaining possession of her the said
Anna D. Elsemore. And the said Anna D. Elsemore utterly
refuses to return to the place of her settlement, to wit, Wesley
aforesaid; against the peace of the state," &c. (common form
signed and sworn to, and a warrant in common form was issued
thereon.)

Other material facts stated in the opinion. By the terms of
the report, "If the warrant and return and other facts stated
were a justification to the officer, and he had a right to lodge her
in a jail to prevent her running away, the officer performing his
duties in a prudent and reasonable manner, then the plaintiff to
be nonsuit," otherwise the case to stand for trial.

*John C. Talbot,* for the plaintiff, cited : *Guptill* v. *Richard-
son,* 62 Maine, 264; 18 Maine, 23; 24 Maine, 180; 39 Maine,
465; *Spaulding* v. *Record,* 65 Maine, 220; R. S., c. 24 § §
22, 23; Stat. 1879, c. 162, c. 157; *Gurney* v. *Tufts,* 37 Maine,
130; *Thurston* v. *Adams,* 41 Maine, 419; *Vinton* v. *Weaver,*
41 Maine, 430; *Nowell* v. *Tripp,* 61 Maine, 426; Constitution
of Maine, Art. 1, § 6; Constitution of U. S. 14th amendment;
*Portland* v. *Bangor,* 65 Maine, 120; *Dunn* v. *Burleigh,* 62
Maine, 24; *Gross* v. *Rice,* 71 Maine, 241;

*Charles Sargent,* for the defendant, cited : *Whipple* v. *Kent,* 2
Gray, 410; *Savacool* v. *Boughton,* 5 Wend. 170; *Coon* v.
*Congden,* 12 Wend. 496; *Parker* v. *Walrod,* 16 Wend. 514;
*Nowhall* v. *Tripp,* 61 Maine, 426; *Dominick* v. *Eacker,* 3
Barb. 17; and contended that as trial justices have jurisdiction
of the subject matter by express provision of the statute, it
could not be required of the defendant, as deputy sheriff, to
determine questions of law or of fact and ascertain whether or
not the complaint and warrant contained more or less than was

legally required.   He only knew, and was required to know, that the magistrate had jurisdiction of the subject matter.

Counsel further cited :   *Beach* v. *Furman,* 9 Johns. 229; *Warner* v. *Shed,* 10 Johns. 138 ; *Donahoe* v. *Shed,* 8 Met. 326; 5 Selden, 208 ; 3 Green. 40 ; *Hart* v. *Dubois,* 20 Wend. 236 ; *Suydam* v. *Keys,* 13 Johns. 444 ; *Thurston* v. *Adams,* 41 Maine, 419 ; *Chase* v. *Fish,* 16 Maine, 132 ; 13 Maine, 36 ; *Wilmarth* v. *Burt,* 7 Met. 257 ; *Henderson* v. *Brown,* 1 Caines, 92 ; *Dwinnels* v. *Boynton,* 3 Allen, 312 ; *Fisher* v. *McGirr,* 1 Gray, 45 ; *Stevenson* v. *McLean,* 5 Humph. 332 ; *Barner* v. *Barbour,* 1 Gilman, 401 ; *Parker* v. *Smith,* 1 Gilman, 411 ; 9 Conn. 140.

PETERS, J.   This is an action against an officer for false arrest and imprisonment, the question involving the sufficiency and validity of the papers under which the officer acted.   The theory of the law is, to protect an officer in his acts of official duty so far as it reasonably can without injustice to others.   The rule should be liberally interpreted in the officer's behalf.

The proceedings in this case were instituted for the removal of a pauper from one town to another, by force of the statutory provisions contained in § 27, ch. 24, R. S., of 1871, and ch. 157, laws of 1879.   The subject matter was within the jurisdiction of the magistrate who issued the process to the officer. The important question is, whether a proper process was issued or not; whether the process disclosed a jurisdiction over the *person* of the plaintiff; in other words, whether the process under which the defendant acted was valid or void.

The officer is protected unless the process is void, and unless he can see from the face of the process itself that it is void. If the process shows its want of validity, the officer is not justified in acting under it.   Irregularities, merely, that are amendable do not vitiate it.   An officer has a right to suppose that what may be amended will be amended.   Amendable defects do not even justify an officer in refusing to serve the process.   Although the cause of action may be ever so informally and imperfectly expressed, still, if a proper cause is indicated, the process may be legal on its face.   The officer stands upon defensible ground

unless the process be absolutely void. *McGlinchy* v. *Barrows*, 41 Maine, 74; *Thurston* v. *Adams*, *Id.* 419; *Gurney* v. *Tufts*, 37 Maine, 130; *Nowell* v. *Tripp*, 61 Maine, 426, and cases; Big. Cas. Torts, 277; Bou. Law Dic. "Arrest."

Under those rules, and upon the doctrine of the cases most favorably interpreted for the officer, we are forced to the conclusion that neither the facts indicated upon the papers themselves, nor those adduced in evidence, show that the magistrate had any jurisdiction over the person of the plaintiff in the matters alleged. The proceedings were void.

What facts would it have been necessary to allege in order to afford protection to the officer? That the plaintiff was a pauper; that is alleged. That the overseers gave a written order to some person to remove the pauper; that is not alleged. That such person requested the pauper to go with him, and that she refused or resisted; that is not alleged. That such person makes the complaint; that is not alleged. No statutory cause is alleged. A naked order to arrest would not have been sufficient. Reason must be given. Illegal reasons are given. Legal reasons are omitted. If the illegal allegations be expunged, the complaint would be little more than blank paper.

The act of 1879 allows the complaint to be amended at any time before judgment according to the facts. It was not amended. It must be amended according to the facts, and not contrary to or beyond the facts. There is no evidence or suggestion of the existence of any facts to be incorporated into the complaint beyond those alleged. The officer had no reason to believe in the existence of any facts not alleged which could have made the proceedings valid or his own acts justifiable.

*Action stands for trial.*

WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.